**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4422**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY HIGSON, a/k/a Tony,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Margaret B. Seymour, Senior District Judge. (2:16-cr-00780-MBS-5)

Submitted: May 20, 2019                                    Decided: May 23, 2019

Before DIAZ and QUATTLEBAUM, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

James R. Battle, II, BATTLE LAW FIRM, LLC, Conway, South Carolina, for Appellant. Robert Nicholas Bianchi, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Higson pleaded guilty to conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846 (2012). The district court sentenced Higson to 210 months in prison and he now appeals. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the sentence is procedurally and substantively unreasonable. Higson was advised of his right to file a pro se supplemental brief, but has not done so. The Government, however, has moved to dismiss the appeal based on the waiver of appellate rights contained in the plea agreement. For the reasons that follow, we affirm in part and dismiss in part.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2012). *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014). A waiver will preclude appeal of a specific issue if the waiver is valid and the issue is within the scope of the waiver. *Id.* Whether a defendant validly waived his right to appeal is a question of law that we review de novo. *Id.* at 168.

"The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal." *United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005). To determine whether a waiver is knowing and intelligent, this Court examines "the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir.), *cert. denied*, 139 S. Ct. 494 (2018) (internal quotation marks omitted). Generally, if the district court fully

questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. *Id.*

Moreover, the purpose of the Rule 11 colloquy is to ensure that the guilty plea is entered into knowingly and voluntarily *See United States v. Vonn*, 535 U.S. 55, 58 (2002). Prior to accepting a guilty plea, a trial court must inform the defendant of, and determine that he understands, the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The court also must determine whether there is a factual basis for the plea. *Id.*; *United States v. DeFusco*, 949 F.2d 114, 120 (4th Cir. 1991).

We have thoroughly reviewed the record and conclude that the district court fully complied with the requirements of Rule 11. We further conclude that Higson voluntarily pleaded guilty and that his waiver of his appellate rights was knowing and intelligent. As part of his plea agreement, Higson waived the right to appeal his conviction and any sentence except for claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect Higson's sentence. Here, we have concluded that Higson's guilty plea was knowing and voluntary, and the district court sentenced Higson within the statutory range. The challenges to his sentence that Higson seeks to raise on appeal are, therefore, waived.

We have examined the entire record in accordance with the requirements of *Anders* and have found no meritorious issues for appeal. Accordingly, we affirm in part and grant the Government's motion to dismiss in part. This court requires that counsel

3

inform Higson, in writing, of the right to petition the Supreme Court of the United States for further review. If Higson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Higson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED IN PART*,
*DISMISSED IN PART*

4